**UNITED STATES of America ex rel. Harold KIMBLE**

v.

**Lawrence P. KEENAN, Superintendent, Allegheny County Workhouse, Blawnox, Pennsylvania, Also The Commonwealth of Pennsylvania.**

**No. 62-071.**

United States District Court
W. D. Pennsylvania.

April 17, 1962.

Harry Kimble, petitioner, pro se.

Edward C. Boyle, by Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., for respondent.

McILVAINE, District Judge.

On March 2, 1962, this Court issued an order in which we held that in view of the allegations in the petition filed by Harold Kimble that a hearing to determine the validity of his allegations was in order. Such a hearing was held on April 3, 1962. At that hearing this Court directed that Harry Tabb, and Detectives Van Leer and Butzler be produced in order that their testimony might be taken. At the hearing it developed that Harry Tabb reaffirmed the testimony that he gave at the original trial at which the petitioner, Harold Kimble, was convicted. He further stated that the affidavit that he gave to Harold Kimble stating that his testimony at that trial was false was, in fact, untrue. He categorically stated that his testimony was true, and that the affidavit he gave to Kimble was false.

This Court had the opportunity to observe the demeanor, character, and the manner in which Harry Tabb testified, and it is this observation of the witness by a district judge in his own courtroom in an open forum which is the best way in which a trier-of-fact can learn the truth of the matter involved. I am satisfied that the testimony that Mr. Tabb gave before me was truthful, and there is no basis to the allegations made by petitioner.

In addition, this Court had the opportunity to hear the testimony of De-

tectives Van Leer and Butzler. This Court is satisfied after hearing their testimony that there was no shakedown or attempts to frame Mr. Kimble by these detectives, and that their testimony was true.

 This hearing was held more in the nature of an investigative type of hearing for the Court's benefit to determine whether there was any validity whatsoever to the allegations made by Harold Kimble. If there would have been even the slightest inkling of validity to his allegations, this Court would have held additional hearings at which Harold Kimble would have been produced, and an attorney would have been appointed on his behalf. But this Court does not feel merely because a petitioner alleges that he was convicted because of perjured testimony made with the connivance of police officers that he is, therefore, automatically entitled to be brought into the court, have counsel appointed on his behalf, and a prolonged hearing undertaken. Habeas corpus, we must always recognize, is an extraordinary and very important safeguard in our legal system. It must not be permitted to be perverted.

This Court has on numerous occasions, when it found it necessary, brought prisoners into court, appointed counsel, and has even in some cases discharged defendants from custody; but this Court does not intend to institute a shuttle service between the state penitentiary and the federal court. Only when there is some showing of substance to the allegations will extended hearings be granted. We have used the power of this Court to investigate the circumstances of this case. We have reviewed the records and studied all other petitions raised by Kimble, including his latest pleading received on April 12, 1962, captioned, "Reply to Respondent's Answer to Petition for Writ of Habeas Corpus." The petitioner, Harold Kimble, we are satisfied was convicted in the Courts of Pennsylvania without violation of any safeguards granted to him by the Constitu-

tion and the laws of the United States. We, therefore, will not order any further hearings. We will not issue a writ of habeas corpus, and his petition for a writ of habeas corpus will be denied.